**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

C.S. GORDON, JR., ET AL.                                       CIVIL ACTION

VERSUS                                                              NO. 06-846

ENTERGY NEW ORLEANS, INC., ET AL.                   SECTION: "K"(1)


**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Modify the Stay currently in place in this matter

in order to allow their state law causes of action to proceed (Rec. Doc. 19) ("Mot. Modify").

Alternatively, plaintiffs seek at least modification of the stay to allow their causes of action to

proceed against all defendants except Entergy New Orleans.  Defendants oppose, claiming that

the stay should remain in effect.  This Court heard oral argument in this matter on October 17,

2007, during which the Court requested from the parties briefing on the issue of subject matter

jurisdiction and equitable remand.  For the following reasons, this Court will exercise its

discretion to equitably remand this matter to the Orleans Parish District Court.


**I.  PROCEDURAL HISTORY**

The defendants in this case are Entergy New Orleans ("ENO"), its parent Entergy

Corporation, and various affiliates (collectively "Defendants").  Plaintiffs, who are customers of

the Defendants, filed their class action in April 8, 1999, in the District Court for the Parish of

Orleans (hereinafter, the "Orleans District Court case").  It asserted "various state-law causes of

action, including Louisiana antitrust law."  Mot. Modify at 2.  Plaintiffs sought damages,

including treble damages, against ENO and its parent and affiliates for "improperly pass[ing]

1

through to rate payers various ineligible or inflated costs in the fuel adjustment component of its

bills for electric service." *Id.*

Consistent with Louisiana law, plaintiffs also filed a complaint with the New Orleans

City Council, ENO's regulator, promptly after filing the state court petition in order to

commence an administrative adjudicatory proceeding (hereinafter the "Gordon Administrative

Proceeding").  Unlike the Orleans District Court case, only ENO was party to the Gordon

Administrative Proceeding because it is the only entity that is subject to the regulatory

jurisdiction of the City Council.  The Gordon Administrative Proceeding sought "an

administrative remedy in the form of refunds of overcharges billed to plaintiffs, and to all other

New Orleans ratepayers (more than 180,000 persons), through abuse of ENO's fuel adjustment

mechanism."  Mot. Modify at 2.

In the Orleans District Court case, Plaintiffs sought a timely motion for class certification

on July 7, 1999.  That motion is still pending.

In February 2002, the administrative trial of the Gordon Administrative Proceeding took

place.  The City Council's experts testified that ENO had "overcharged its ratepayers at least

$34,300,000, which they recommended be refunded."  Mot. Modify at 3.  However, the City

Council itself awarded "only partial relief," ordering ENO to refund only $11,310,072 of the

total.  *Id.*  Plaintiffs appealed the City Council's award to the Civil District Court for the Parish

of Orleans, claiming that the award was inadequate.  ENO did not appeal the City Council's

decision.  The Orleans Parish court affirmed, which prompted an appeal to the Louisiana Fourth

Circuit Court of Appeal.  On July 17, 2004, both parties made a motion to stay the Orleans

District Court case pending the final disposition of plaintiff's appeal in the Gordon

Administrative Proceeding.

On September 23, 2005, after Hurricane Katrina, ENO entered bankruptcy and filed a voluntary petition in the Bankruptcy Court for this district.  Both the Orleans District Court case and the Gordon Administrative Proceeding against ENO were stayed.  On February 14, 2006, U.S. Bankruptcy Judge Jerry A. Brown modified the stay so as to permit the Gordon Administrative Proceeding to go forward against ENO.

On February 21, 2006, ENO and its co-defendant parent and affiliates removed the Orleans District Court action to this Court, pursuant to 28 U.S.C. § 1452.

On September 6, 2006, the Louisiana Fourth Circuit Court of Appeal held oral argument in the appeal of the Gordon Administrative Proceeding.  It is the understanding of this Court that the Louisiana Fourth Circuit has not yet issued any ruling in the matter.

On May 7, 2007, the Bankruptcy Court approved ENO's reorganization plan, and the plan became effective the next day.  The plan allowed the plaintiff's claims to "ride through," i.e., they were not affected by the bankruptcy case, nor are they subject to any stay in bankruptcy.

Plaintiffs now move this Court to modify the stay that had been originally issued by consent of the parties in the Orleans District Court case, and which has presumably remained in effect after removal to this Court.

## II.  DISCUSSION

### A.  Parties' Contentions

The plaintiffs seek to modify the stay, claiming that this Court should allow their state

antitrust and other state law claims to proceed against all defendants, or alternatively, to allow the case to proceed against all parties except for ENO.  The plaintiffs' motion offers relatively meager legal support, resting its case mainly on case law that holds that discretionary stays can be maintained only by "weigh[ing] competing interests and maintain[ing] and even balance." Mot. Modify at 5.

Defendants oppose the plaintiffs motion, claiming that (1) any modification of the stay would be premature because the New Orleans City Council has "primary jurisdiction" over rate regulation, and (2) the stay cannot be modified to allow the action to proceed against all defendants except ENO.  Opp. at 4.  Defendants' arguments rest mainly on the premise that rate regulation is particularly within the province of the state, and any proceedings in this Court would possibly conflict with current state court proceedings.  *Id.* at 10.

On October 17, 2007, this Court heard oral argument on this motion.  However, noting that the parties had not raised the issues of subject matter jurisdiction or equitable remand, the Court request briefing on these issues.  The parties submitted simultaneous briefs on these issues. Both parties agree that the Court has "related to" removal jurisdiction to this matter due to the Chapter 11 bankruptcy of ENO.  However, the Plaintiffs favor equitable remand back to the Orleans Parish District Court, while the Defendants claim that this case is best considered by this Court.  Having reviewed the briefs submitted by the parties, the Court holds that this matter should be remanded back to the Orleans Parish District Court.  Due to this remand, the issue of whether to lift the stay originally imposed by the Orleans Parish District Court is moot.

**B. Analysis**

*1. Subject Matter Jurisdiction Need Not Be Established*

As a preliminary matter, it is the duty of any federal court to first determine whether it

has jurisdiction over this matter.  The parties submitted briefing in which they both argued that

this Court indeed does have subject matter jurisdiction by virtue of the "related to" removal

jurisdiction under the Bankruptcy Code.

Indeed, the Fifth Circuit has held that in bankruptcy cases, jurisdiction should be

determined first.  *In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999) (in bankruptcy

appeal, noting that district court cannot be "pussy-footing around . . . jurisdictional issues.").  If

this Court does not have jurisdiction under § 1334, then remand is mandatory under 28 U.S.C. §

1447(d), and "abstention would [be] unnecessary."  *In re O'Connor Int'l, Inc.*, 174 Fed. Appx.

209, 211-12 (5th Cir. 2006) (unpublished opinion).  If bankruptcy jurisdiction does exist, then

this Court would have to exercise statutory abstention under § 1334(c) or § 1452 if it decided to

return the case to state court.

However, the Supreme Court precedents establish that federal courts have "leeway 'to

choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l*

*Co. Ltd. v. Malaysia Int'l Shipping Corp.*, --- U.S. ----, 127 S.Ct. 1184, 1191, 167 L.Ed.2d 15

(2007), *quoting Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585, 119 S.Ct. 1563, 1570, 143

L.Ed.2d 760 (1999).  As the Supreme Court catalogued in *Sinochem*, federal courts may decline

to hear a matter under the *Younger* doctrine (holding federal abstention appropriate where a

federal suit is brought to enjoin a state criminal proceeding) or the *Totten* rule (prohibiting suits

enforcing secret espionage contracts against the government) without deciding whether it had

jurisdiction to hear the matter in the first place. *Sinochem*, --- U.S. at ----, 127 S.Ct. at 1191,

*citing Ellis v. Dyson*, 421 U.S. 426, 433-34, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975) (applying

*Younger* doctrine), and *Tenet v. Doe*, 544 U.S. 1, 7 n.4, 125 S.Ct. 1230, 161 L.Ed.2d 82 (2005)

(applying *Totten* rule).   Moreover, a court "declining to adjudicate state-law claims on

discretionary grounds need not first determine whether those claims fall within its pendent

jurisdiction." *Sinochem*, --- U.S. at ----, 127 S.Ct. at 1191, *quoting Moor v. County of Alameda*,

411 U.S. 693, 715-16, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).  In providing its rationale, the

Supreme Court simply explained, "The principle underlying these decisions was well stated by

the Seventh Circuit: 'Jurisdiction is vital only if the court proposes to issue a judgment on the

merits.'" *Sinochem*, --- U.S. at ----, 127 S.Ct. at 1191-92, *quoting Intec USA, LLC v. Engle*, 467

F.3d 1038, 1041 (7th Cir. 2006).

     In the present case, this Court is presented with the option of either taking jurisdiction

over this matter and considering the propriety of modifying the stay, or alternatively exercising

its discretion to abstain from exercising jurisdiction and equitably remanding to the Orleans

Parish District Court.  While this Court refrains from engaging in any "pussy-footing" when it

comes to jurisdiction, it also finds that the principles of *Sinochem* apply here because any

remand, whether mandatory under 28 U.S.C. § 1447(d), or discretionary under 28 U.S.C. §

1334(c) or § 1452, would prevent this Court from considering the merits of this case.  Therefore,

this Court will assume jurisdiction for the purposes of considering the propriety of remanding

this case to the Orleans Parish District Court.

## 2.  Abstention or Remand

     As a preliminary matter, there are several statutory vehicles by which a court may abstain

or remand a matter appurtenant to a bankruptcy proceeding.  First, Title 28 of the United States

Code, Section 1334(c)(2) provides grounds for *mandatory* abstention.  The relevant text

provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or
> State law cause of action, related to a case under title 11 but not arising under title
> 11 or arising in a case under title 11, with respect to which an action could not
> have been commenced in a court of the United States absent jurisdiction under
> this section, the district court shall abstain from hearing such proceeding if an
> action is commenced, and can be timely adjudicated, in a State forum of
> appropriate jurisdiction.

28 U.S.C. § 1334(b)(2).  However, The Fifth Circuit has interpreted this statute to require

abstention where "(1) the claim has no independent basis for federal jurisdiction, other than §

1334(b); (2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11; (3) an

action has been commenced in state court; and (4) the action could be adjudicated timely in state

court."  *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007).  While these requirements

appear to have been met in the present case, significantly no party has made any "timely

motion."  Because the statutory text does not appear to allow for *sua sponte* motion by the court,

it appears that this Court cannot abstain under the mandatory abstention subsection by *sua sponte*

motion.

However, "where 'related to' jurisdiction is present, but the grounds for mandatory

abstention under § 1334(c)(2) are not, this court still could exercise discretionary abstention

under § 1334(c)(1) and the case would be remanded to state court."  *Rand v. Empire Funding*

*Corp.*, 132 F. Supp. 2d 497, 502 (S.D. Miss. 2000).  In addition to § 1334(c)(1), remand is also

allowed under 28 U.S.C. § 1452.  The Court will address each of these statutes in turn.

Sections 1334(c)(1) and 1452 are rather similar in their terms for remand of a

bankruptcy-related matter.  First, under 28 U.S.C. § 1452, the same statute under which this case

was removed, this Court "may remand such claim or cause of action on any equitable ground,"

and such decision to remand or not to remand is "not reviewable."  28 U.S.C. § 1452(b).  The

Fifth Circuit "broadly construes the phrase 'any equitable ground'" in § 1452(b).  *Brownsberger*

*v. DelChamps Inc.*, 48 Fed. Appx. 480 (5th Cir. 2002) (unpublished opinion), *citing Sykes v. Tex.*

*Air Corp.*, 834 F.2d 488, 490-92 (5th Cir. 1987).  Second, under 28 U.S.C. § 1334, governing

"Bankruptcy cases and proceedings," the statute provides

> Except with respect to a case under chapter 15 of title 11, nothing in
> this section prevents a district court in the interest of justice, or in
> the interest of comity with State courts or respect for State law,
> from abstaining from hearing a particular proceeding arising under
> title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).  A decision to abstain or not to abstain under § 1334(c)(1) is also not

reviewable by the appellate courts.  28 U.S.C. § 1334(d).

The similarity between these two statutes has prompted them to be called "companion"

statutes, as § 1334 provides the jurisdictional basis for removal under § 1452.  *See Sykes v. Texas*

*Air Corp.*, 834 F.2d 488, 491 (5th Cir. 1987) (explaining that "what we may term 'direct'

removal jurisdiction exists under § 1452 and its companion jurisdictional bankruptcy statute §

1334").  Likewise, as applied to remand to state court, these sections have been called "kindred

statutes" as "[s]ection 1452(b) favors comity and the resolution of state law questions by state

courts, as does 1334(c)(1)."  *Rand*, 132 F. Supp. 2d at 503.  As stated in *Rand*:

> Together, sections 1452(b) and 1334(c) strongly evince a congressional policy
> that, absent countervailing circumstance, the trial of state law created issues and
> rights should be allowed to proceed in state court, at least where there is no basis
> for federal jurisdiction independent of section 1334(b) and the litigation can be
> timely completed in state court.  Because the statutes are similar in purpose and
> spirit, circumstances which weigh in favor of discretionary abstention or dictate

mandatory abstention under the respective subsections of section 1334(c), likewise weigh in favor of or constrain remand under section 1452(c).

*Id.* (citing *Twyman v. Wedlow, Inc.*, 204 B.R. 1006, 1019-20 (Bankr. N.D. Ala. 1996)).

Moreover, courts have recognized that "decisions to remand an action and decisions to abstain from hearing an action produce the same results" under these bankruptcy statutes. *Twyman*, 204 B.R. at 1020 n.25 (citing cases). It should be noted, however, that at least one court has held that abstention can only exist "where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain . . . . To require a pendent state action as a condition of abstention eliminates any confusion [of § 1334(c)] with 28 U.S.C. § 1452(b)." *Security Farms v. Int'l Brotherhood*, 124 F.3d 999, 1009-10 (9th Cir. 1997), *quoted in* 1 Collier on Bankruptcy ¶ 3.05 (15th ed. revised 2000). In this case, while there is a pending appeal within the Louisiana state court system, it is not clear how related these two matters are. Therefore, it appears that the more prudent course is to remand equitably under § 1452.

In addressing equitable remand in bankruptcy cases, the Fifth Circuit has stated that a court "has broad discretion to grant or deny a motion to remand a removed claim on any equitable ground," including:

(1) forum non conveniens, (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to the questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.

*Browning v. Navarro*, 743 F.2d 1069, 1077 n.21 (5th Cir. 1984) (citations omitted); *see*

*Patterson v. Morris*, 337 B.R. 82, 91 (E.D. La. 2006) (Duval, J.) (evaluating removal and

9

abstention statutes and applying *Browning* factors).[1]

Applying these factors to the present case, it is clear that this matter is best suited for remand so that it may be considered by Louisiana state courts. The first two factors are irrelevant: the fora here are both in New Orleans and therefore are equally convenient, and any remand or failure to remand by this Court will not likely reunite this case with any bifurcated matter. As to the third factor, this Court finds that Louisiana state courts are indeed best suited to address state law issues. The Defendants claim that the state courts will likely look to federal law in interpreting state antitrust law, civil procedure, or evidence. *See* Def. Reply at 2 (Rec. Doc. 35). The decision to look to federal law for guidance is one that must be left to the state courts, however, particularly considering that the Plaintiffs have elected not to amend their complaint with federal claims and therefore all remaining claims are based solely on state law. *See Chambers v. General Motors Corp.*, Civ. No. 07 cv 1224, 2007 WL 4181264, at *3 (S.D. Cal. Nov. 21, 2007) (finding remand appropriate where "plaintiffs remaining claims are based solely on substantive state law and the state court is in the best position to apply and interpret that law"); *In re Norrell*, 198 B.R. 987, 998 (Bankr. N.D. Ala. 1996) (exercising discretionary remand where "the state court is better able to resolve state law questions").

Most significant in this Court's analysis, however, is the particular expertise of state courts in handling their own utility regulation issues, and the importance of allowing state courts to handle state utility issues. In *New Orleans Public Service, Inc. v. Council of City of New*

---

[1]The *Browning* court addressed 28 U.S.C. § 1478(b), the predecessor statute to § 1452(b). Section 1452(b) substantially incorporated the language of § 1478(b). *See Twyman*, 204 B.R. at 1019 (noting similarity in statutes and using *Browning* standard for evaluating grounds for equitable remand under § 1452(b)).

*Orleans*, 491 U.S. 350, 365, 109 S.Ct. 2506, 2517, 105 L.Ed. 298 (1989) (hereinafter "*NOPSI*"),

the petitioner utility company had sought a rate adjustment from the New Orleans City Council,

"the local ratemaking body with final authority over the utility's retail rates," but the council

rejected the utility company's request. *Id.* at 355, 109 S.Ct. at 2511.  Subsequently, the company

brought suit in the Eastern District of Louisiana, seeking an injunction "asserting that federal law

*required* the Council" to allow the utility to increase its retail rates. *Id.*  The district court

abstained from hearing the case, and the Fifth Circuit affirmed. *Id.* at 358, 109 S.Ct. at 2513.  In

likewise affirming the lower courts, the Supreme Court explained that the proper analysis on

whether a federal court should abstain is not whether the state has an interest in the outcome of

the matter, "but whether [the state] has a substantial, legitimate interest in regulating intrastate

retail rates." *Id.* at 365, 109 S.Ct. at 2517.  The Court found that Louisiana "clearly" had an

interest in regulating utility rates, explaining "[t]he regulation of utilities is one of the most

important of the functions traditionally associated with the policy power of the states." *Id.* at

365, 109 S.Ct. at 2517.  In a more recent case, the Fifth Circuit reached a similar conclusion

where customers sued rural electric cooperatives for rate refunds and the case had been removed

to federal court based on bankruptcy jurisdiction. *Wilson v. Valley Elec. Membership Corp.*, 8

F.3d 311, 313 (5th Cir. 1993).  The appeals court concluded that abstention from the case was

appropriate because, among other factors, Louisiana had a overriding interest in utility regulation

and "a need for coherent policy" in that area. *Id.* at 315.

     Similarly, this Court is particularly persuaded that remand is appropriate because

Louisiana similarly has an overriding interest here in utility regulation.  As in *Wilson*, this Court

finds that exercising jurisdiction here would be inappropriate where the state has such an

important regulatory interest, while this Court's jurisdiction is based solely on the case's relatedness to a bankruptcy.  This Court is convinced as well that the state courts may have particular expertise in this matter, and they will be better suited to decide what effect, if any, the parallel proceeding should have on this case, thus preventing unnecessarily duplicative litigation as well as any inconsistent results.  Finally, it is clear that no party shall suffer from unnecessary prejudice here by remand to the Louisiana state courts where this matter first originated because the stay remains in effect as it did when this case was first removed to this Court.

### III. CONCLUSION

For the above reasons, this Court finds that equitable remand subject to 28 U.S.C. § 1452 is appropriate in this matter.  Moreover, because equitable remand will prevent this Court from entertaining the merits of this case, there is no need to consider whether this Court has subject matter jurisdiction over this case.  *Sinochem*, --- U.S. at ----, 127 S.Ct. at 1191-92.  Accordingly,

**IT IS ORDERED** that the above-captioned case be **REMANDED** to the Civil District Court of the Parish of Orleans.

New Orleans, Louisiana this ____13th____ day of February, 2008.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**